IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| RUSSELL E. CAREY | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | |
| | : | NO. 09-cv-02888-JF |
| DYLAN AVIATION, LLC, et al. | : | NO. 09-cv-02893-JF |

MEMORANDUM

Fullam, Sr. J.                                                                              March 24, 2010

        The plaintiff was the front-seat passenger in a helicopter that crashed in Columbus, Montana. He filed suit in the Philadelphia Court of Common Pleas, asserting causes of action for negligence, breach of warranty, and strict liability. The defendants are the alleged owner and lessor of the helicopter and the manufacturers of the helicopter and its component parts. The defendants removed the case to this Court, and the plaintiff filed a motion to remand. For the foregoing reasons, I will grant the plaintiff's motion to remand.

        The defendants have invoked federal-question jurisdiction pursuant to 28 U.S.C. § 1331, arguing that: 1) the complaint alleges that the defendants failed to comply with federal airworthiness directives and the Federal Aviation Regulations, and therefore the underlying action "arises under" federal law; and 2) the plaintiff's state law claims turn on "substantial" and "disputed" questions of federal law and the case

is removable pursuant to Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005).

The plaintiff's well-pleaded complaint only alleges state-law claims. Although standards of aviation safety have been federally preempted, traditional state-law remedies for violation of those standards still exist. Abdullah v. Am. Airlines, Inc., 181 F.3d 363, 375 (3d Cir. 1999). I am not persuaded that any of the plaintiff's claims "arise under" federal law.

The test established in Grable & Sons is described by that Court as follows:

> [T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.

545 U.S. 308, 314 (2005). Jurisdiction under Grable & Sons is limited to a "slim category" of cases. Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 681 (2006).

The defendants have failed to identify any federal issues that will be substantial and disputed. The validity of the federal regulations has not been challenged; the parties simply dispute whether the defendants' conduct met the standard of care. Further, the exercise of federal jurisdiction in this case would not comport with the sound division of labor between the state and federal courts.

The defendants also assert that the Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. Although the parties agree that both the plaintiff and the defendant Dylan Aviation are citizens of Pennsylvania, the defendants assert that Dylan Aviation was fraudulently joined to defeat removal.

The Court of Appeals has made clear that the inquiry to determine fraudulent joinder is significantly less searching than that under Federal Rule of Civil Procedure 12(b)(6). Batoff v. State Farm Ins. Co., 977 F.2d 848, 852 (3d Cir. 1992). The Court must assume that all of the factual allegations in the complaint are true, and "where there are colorable claims or defenses . . . the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses." Id. at 851-52. Dismissal for fraudulent joinder is appropriate only if joinder was "wholly insubstantial and frivolous." Id. at 852.

The complaint alleges that Dylan Aviation was the owner and lessor of the helicopter at the time that it crashed, and that it maintained and operated the aircraft. Pursuant to 49 U.S.C. § 44112(b), an owner or lessor of an aircraft is not liable for any resulting injury if the owner did not maintain actual possession or control over the aircraft. The defendants have submitted the declaration of Brian D. Parker, Executive Vice President for Haverfield International Inc., which asserts that Haverfield

3

maintained actual possession and control over the helicopter at the time of the crash, not Dylan Aviation.  However, the possibility that Dylan Aviation may raise a defense to liability has no bearing on the question of fraudulent joinder.  I am satisfied that the plaintiff's claims against Dylan Aviation are not wholly insubstantial and frivolous.

Finally, the defendants argue that removal is proper pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1), which provides that "any officer (or person acting under that officer) of the United States . . . sued in an official or individual capacity for any act under color of such office" may remove a case from state to federal district court.  The defendants allege that the manufacturers of the helicopter employed "Designated Manufacturing Inspection Representatives" and "Designated Engineering Representatives," who acted under the supervision of the Federal Aviation Association, and certified the helicopter as airworthy pursuant to federal regulations.  However, neither of these individuals has been named as a defendant, and the statute does not provide a basis for removal.

An order will be entered.


BY THE COURT:


/s/ John P. Fullam
John P. Fullam,    Sr. J.